### HENRY DIECKMANN v. AUGUST HUNT ET AL.

SURETIES NOT LIABLE ON APPEAL BOND, WHERE NO JUDGMENT ORDERING PRINCIPAL
TO PAY ANYTHING.

Sureties are not liable on an appeal bond conditioned that the principal shall abide the order, judgment or decree of the appellate court, and pay all moneys, costs and damages which are required of him by such court, where the judgment of the appellate court, while adverse to such appellant, did not order him to pay anything in the way of costs, penalties, damages or interest.

ERROR to Hamilton common pleas court.

**Renner & Renner,** for plaintiff in error.

**Fulton & Woost, C. A. Groome** and **F. E. Niederhelman,** for defendant in error.

**GIFFEN, J.**

This was an action in the court of common pleas of Hamilton county, brought by Henry Dieckmann against August Hunt, Henry Hoffeld and Katherine Steinkamp, administratrix of the estate of H. Louis Steinkamp, on an appeal bond executed in the insolvency court of Hamilton county, Ohio, on March 19, 1900, by said August Hunt as principal, and the other two defendants as sureties.

The bond was given in an action pending in the insolvency court *in re* assignment of Henry F. Stothfang, of whom August H. Bode was assignee. By the consideration of said court, said August H. Bode, assignee, was ordered to pay to said Henry Dieckmann the sum of $1,000 with interest at the rate of 6 per cent per annum from May 12, A. D. 1899. From said order the defendant, August Hunt, an intervening creditor in said cause in said insolvency court, took an appeal to the common pleas court of Hamilton county; Ohio. The conditions of said bond were such that—

"Whereas, on March 13, A. D. 1900, the court of insolvency of Hamilton county, Ohio, made an order *in re* assignment of Henry F. Stothfang, No. 3413, finding a lien in favor of said Henry Dieckmann on a certain lot of whiskey and ordering that August H. Bode, assignee therein, pay to said Henry Dieckmann the amount of $1,000, with interest from May 12, 1899, on account of said lien, and whereas the above named August Hunt having given notice of appeal to the court of common pleas of said county; now, therefore, the condition of the above

Dieckmann v. Hunt.

obligation is such that if the said August Hunt shall abide the order, judgment, or decree of the appellate court, and shall pay all moneys, costs and damages which may be required of him by such court, then this obligation to be void; otherwise to remain in full force.''

On appeal to said court of common pleas, said court directed said August H. Bode, assignee of said Stothfang, to pay to said Henry Dieckmann or to Renner, Gordon & Renner, his attorneys, the sum of $1,000, with interest at the rate of 6 per cent per annum from May 12, A. D. 1899, which said order was affirmed by the circuit court of Hamilton county on October 27, 1900, which affirmance by said circuit court was also affirmed by the Supreme Court of the state of Ohio on May 13, 1902.

The petition alleges that said August H. Bode paid to said Henry Dieckmann the sum of $773.71, and that there is a balance due said Henry Dieckmann from the defendants amounting to $461.62, with interest from October 14, 1903, and for which judgment is asked with cost. To this petition each of the defendants filed demurrers, which demurrers the court sustained, and thereupon plaintiff filed an amended petition which, on motion of the defendants, was stricken from the files. Whether or not the court was right in striking the amended petition from the files, we do not think it necessary to discuss, for the motion to strike the petition from the files was probably treated as a demurrer, and as the plaintiff did not desire to plead further, it was ordered by the court that the defendants go hence without day and recover the cost from the plaintiff.

The petition does not state a cause of action against either of the defendants. for the reason that there was no judgment ordering Hunt to pay anything. Neither the court of common pleas, the circuit nor the Supreme Courts directed that Hunt should pay any costs, interests or damages; therefore there was no breach of this bond, the language of the bond being that said Hunt shall abide the order, judgment or decree of the appellate court, and shall pay all moneys, costs and damages which may be required of him by such court. None having been required, there is no breach of the bond.

No doubt it was within the power of said appellate courts to have rendered judgment against said Hunt for costs, penalties, damages and interest, but defendant in error in such proceedings evidently did not ask said court to render any such judgment, and none having been rendered, we do not see where the bond has been broken.

Judgment affirmed.

**Jelke** and **Swing, JJ.,** concur.